RYAN J. STANGER (13868)
**KAUFMAN, NICHOLS,
OLDS & KAUFMAN, LLC**
Bamberger Square Building
205 26th Street, Suite 34
Ogden, Utah 84401
Telephone: (801) 394-5526
Facsimile: (801) 392-4125
Email: rstanger@knoklaw.com

Attorney for the Plaintiff, Jason Rios

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| **JASON RIOS,**<br><br>Plaintiff,<br><br>vs.<br><br>**U.S. FOODS, INC.,** (FNA U.S. FOOD SERVICE)<br><br>Defendant. | **COMPLAINT<br>& JURY DEMAND**<br><br>Civil No. |

**COMES NOW**, Jason Rios ("Plaintiff" or "Mr. Rios"), by and through his attorney, Ryan J. Stanger, and hereby complains against U.S. Foods, Inc. ("Defendant") as follows:

### JURISDICTION AND VENUE

1. This is an action for monetary damages brought by the Plaintiff against the Defendant pursuant to Title VII of the Civil Rights Act of 1964 as amended, for employment discrimination, failure to promote, and retaliation/termination of employment.

2. This Court has jurisdiction over Mr. Rios' complaint pursuant to 42 U.S.C. § 2000e(5), 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. §§ 1981 et seq.

3. Equitable and other relief are also sought under 42 U.S.C. § 2000e(5)(g).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the claims all arose in the Northern Division of the District of Utah.

5. The amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

## PARTIES

6. At all times relevant to this Complaint, Mr. Rios, an individual, was, and is a resident of the State of Utah and was employed by the Defendant.

7. At all times relevant to this Complaint, Defendant, U.S. Foods, Inc., was, and is, a foreign for-profit corporation registered in Utah with a location at 832 W. Hinckley Dr., Ogden, UT 84401. Upon information and belief, U.S. Foods, Inc. is organized under Illinois law.

8. Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964 with 500 or more employees.

## NATURE OF THE CASE

9. U.S. Foods at their Ogden, Utah, location employed Mr. Rios.

10. The discriminatory acts complained of in this lawsuit occurred in between March 2010 and January 16, 2012 when the Defendant fired the Plaintiff.

11. Mr. Rios filed charges with the Utah Anti-Discrimination & Labor Division regarding the Defendant's discriminatory conduct on or about July 2011 and again after he was fired in January of 2012.

12. Mr. Rios filed charges with the Equal Employment Opportunity Commission ("EEOC")

regarding the Defendant's discriminatory conduct in July of 2011 and again after he was fired in January of 2012.

13. In April of 2013, the EEOC issued three determinations against the Defendant finding that there is reasonable cause to believe that it has violated Title VII.[1]

14. The EEOC sent the "Notice of Right to Sue", on all three Charge No's on March 10, 2014.[2]

## STATEMENT OF FACTS

15. Defendant's supervisor, Phil Barrett ("Phil"), began to intimidate and harass the Plaintiff shortly after he began working for the Defendant in March of 2010.

16. In June of 2011, Defendant was handing out ball caps to its employees. Phil was disgusted that he had received a black ball cap and glared at Mr. Rios while emphatically stating, "My ancestors were not this color!" He then traded his black ball cap for a white one with another of Defendant's employees.

17. Phil/Defendant treated Mr. Rios different from Defendant's white employees. For example, Phil/Defendant gave white employees protective gear to work but did not give Mr. Rios protective gear. Phil/Defendant gave white employees better tools and large push brooms to do assigned tasks while Mr. Rios was given broken tools and a small house broom to do assigned tasks such as sweeping the huge 36 bay shipping yard. Phil/Defendant gave white employees

---

[1] Determination on Charge No. 540-2011-02338 attached as **Exhibit 1**; Determination on Charge No. 540-2012-00975 attached as **Exhibit 2**; Determination on Charge No. 540-2012-01543 attached as **Exhibit 3**.

[2] Notice of Right to Sue on Charge No. 540-2011-02338 attached as **Exhibit 4**; Notice of Right to Sue on Charge No. 540-2012-00975 attached as **Exhibit 5**; Notice of Right to Sue on Charge No. 540-2012-01543 attached as **Exhibit 6.**

meaningful work with instructions but gave Mr. Rios meaningless tasks without instructions. Any job Mr. Rios did was not satisfactory to Phil/Defendant and most often resulted in Mr. Rios getting yelled at -"You did not do what I told you to do"- or sometimes having his subpar tools knocked out of his hands. For example, Phil/Defendant told Mr. Rios to scrub a rack that was full of rust from sitting in water until it was clean. Phil/Defendant did not provide Mr. Rios any safety equipment or tools and the rack was impossible to clean and continued to collect rust every day Mr. Rios worked for Defendant after the assignment. Phil/Defendant always provided white employees with safety equipment, tools, and instructions for meaningful tasks when given a job.

18. Phil/Defendant told employees Mr. Rios was lazy and did not show up for work despite his timeliness and hardworking attitude. For example, Mr. Rios clocked in on one occasion and Phil/Defendant clocked him out a few minutes later. Mr. Rios worked the entire night but Phil/Defendant told other employees that Mr. Rios was lazy and had not even called in.

19. Phil/Defendant constantly called Mr. Rios slurs related to his national origin. For example, on one occasion Mr. Rios attempting to be nice said to Phil/Defendant, "Have a good weekend". Phil/Defendant replied, "You too! Remember the Alamo!" Mr. Rios confused asked what the Alamo had to do with the weekend and Phil/Defendant replied, "You know what the Alamo is, right?" Mr. Rios confusedly looked at him and Phil/Defendant replied, "that is when you Mexicans went in an killed us white Americans."

20. Mr. Rios reported the problems to the Defendant internally but nothing happened and Mr. Rios continued to be treated poorly because of his national origin.

21. Defendant called Mr. Rios to a meeting internally and Mr. Rios was told that because he reported Phil/Defendant to the EEOC that he was causing the Defendant a lot of problems.

22. Mr. Rios was notified that his position was being moved from 9 workers to 7 workers in January 2012 and he was pulled aside and told that he was being fired because "we let people go if we cannot use them" and if they "cause problems for us". His job was advertised in the newspaper just a few days later. Mr. Rios applied for the advertised position but Defendant denied him the position claiming he was not qualified.

23. Because of the discrimination that Mr. Rios suffered at the hands of the Defendant, Mr. Rios suffered mental anguish and loss of enjoyment of life in addition to financial loss and inconvenience.

## **CLAIMS FOR RELIEF**

### **FIRST CLAIM FOR RELIEF**

24. Mr. Rios hereby repeats and incorporates by reference the allegations of paragraph 1 through 23 above as though fully set forth in this claim for relief.

25. Defendant subjected Mr. Rios, and a class of similarly situated individuals, to different terms and conditions of employment as well as constant harassment because of his national origin, Mexican.

26. Mr. Rios reported the discrimination and hostile work environment to Defendant's management but no action was taken and the hostile work environment continued.

27. As a direct and proximate result of Defendant's actions and lack thereof, Mr. Rios suffered damages in an amount to be proven at trial—but at least $300,000.00 of mental anguish,

loss of enjoyment of life, financial loss and inconvenience plus interest, costs, and attorney fees.

28. The acts or omissions, as alleged in this Complaint, giving rise to this claim for relief, are the result of willful and malicious conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of others. Consequently, Mr. Rios is entitled to an award of punitive damages.

## SECOND CLAIM FOR RELIEF

29. Mr. Rios hereby repeats and incorporates by reference the allegations of paragraph 1 through 28 above as though fully set forth in this claim for relief.

30. After Defendant subjected Mr. Rios, and a class of similarly situated individuals, to different terms and conditions of employment as well as constant harassment because of his national origin, Mexican, Mr. Rios made a report of the same to the Utah Anti-Discrimination and Labor Division as well as the EEOC.

31. Defendant retaliated against Mr. Rios by terminating his employment after he reported them/engaged in a protected activity.

32. As a direct and proximate result of Defendant's actions and lack thereof, Mr. Rios suffered damages in an amount to be proven at trial—but at least $300,000.00 of mental anguish, loss of enjoyment of life, financial loss and inconvenience plus interest, costs, and attorney fees.

33. The acts or omissions, as alleged in this Complaint, giving rise to this claim for relief, are the result of willful and malicious conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of others. Consequently, Mr. Rios is entitled to an award of punitive damages.

## THIRD CLAIM FOR RELIEF

34. Mr. Rios hereby repeats and incorporates by reference the allegations of paragraph 1 through 33 above as though fully set forth in this claim for relief.

35. After Defendant subjected Mr. Rios, and a class of similarly situated individuals, to different terms and conditions of employment as well as constant harassment because of his national origin, Mexican, Mr. Rios made a report of the same to the Utah Anti-Discrimination and Labor Division as well as the EEOC.

36. Defendant retaliated against Mr. Rios by terminating his employment after he reported them/engaged in a protected activity.

37. Not long thereafter, Defendant advertised a position for hire to which Mr. Rios applied.

38. Mr. Rios was told he would not be allowed to go any further in the hiring process because of the past protected activity he engaged in, namely, reporting Defendant to the Utah Anti-Discrimination and Labor Division as well as the EEOC for discriminating against him.

39. As a direct and proximate result of Defendant's actions and lack thereof, Mr. Rios suffered damages in an amount to be proven at trial—but at least $300,000.00 of mental anguish, loss of enjoyment of life, financial loss and inconvenience plus interest, costs, and attorney fees.

40. The acts or omissions, as alleged in this Complaint, giving rise to this claim for relief, are the result of willful and malicious conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of others. Consequently, Mr. Rios is entitled to an award of punitive damages.

# REQUEST FOR RELIEF

**WHEREFORE,** Mr. Rios prays for the following relief:

1. Judgment that the Defendant took those action alleged by Mr. Rios above in violation of Title VII of the Civil Rights Act of 1964.

2. Judgment that as a direct and proximate result of Defendant's actions and lack thereof, Mr. Rios suffered damages in an amount of at least $300,000.00 of mental anguish, loss of enjoyment of life, financial loss and inconvenience for each of the claims for relief pled, plus interest, costs, and attorney fees.

3. Judgment that the acts or omissions, as alleged in this Complaint, giving rise to these claims for relief, are the result of willful and malicious conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of others and that therefore Mr. Rios is entitled to an award of punitive damages.

DATED this 8th day of June, 2014.

/s/ Ryan J. Stanger
RYAN J. STANGER
*Attorney for Plaintiff*

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint, and that the information contained therein is true and correct. 28 U.S. C. § 1746; 18 U.S.C. § 1621.

Executed at the law offices of Kaufman, Nichols, Olds, & Kaufman, PLLC on May 29, 2014.

_____
Jason Rios

On the 29 day of May, 2014, personally appeared before me Jason Rios, the signer of the foregoing document, who acknowledged to me that he voluntarily executed the same.

_____
Notary Public



KATY MCBRIDE
NOTARY PUBLIC • STATE of UTAH
COMMISSION NO. 674855
COMM. EXP. 03/13/2018